**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-1079-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Daniel Joe Kabinto, | |
| Defendant. | |

On September 16, 2008, the government filed an indictment charging Defendant with assault with a dangerous weapon resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(3) and (6). Dkt. #15. On February 23, 2009, the Court issued an order finding Defendant mentally incompetent and committing him to the custody of the Attorney General for treatment in a suitable facility for a reasonable period of time, not to exceed four months. Dkt. #39. The United States Marshals Service ("USMS") received the order of commitment on February 25, 2009 and submitted it to the Federal Bureau of Prisons ("BOP") the next day. Dkt. #47-2 ¶ 2. Due to oversight or a clerical error, the order was not received by the BOP medical designator until March 26, 2009, at which time Defendant was assigned to the Federal Medical Center in Springfield, Missouri ("Springfield"). Dkt. #47-3 ¶ 3.

The USMS transported Defendant from Arizona to the Federal Transfer Center in Oklahoma City ("FTC") on March 31, 2009. Dkt. #47-2 ¶ 5; Dkt. #47-3 ¶ 4. Due to a high number of prisoners awaiting placement at Springfield and an ongoing renovation of one of

the facility's units, Defendant was not transported from the FTC to Springfield until June 5, 2009. Dkt. #47-2 ¶ 4; Dkt. #47-3 ¶¶ 5, 7.

Defendant has filed a motion to dismiss based on the delay in transporting him to Springfield. Dkt. #45. Defendant argues that the delay violated his rights under the Due Clause and the Speedy Trial Act. *Id.* The motion has been fully briefed. Dkt. ##47, 54. For reasons that follow, the Court will deny the motion.

**I.  Due Process and Supervisory Power.**

Citing *Jackson v. Indiana*, 406 U.S. 715 (1972), and *Oregon Advocacy Center v. Mink*, 322 F.3d 1101 (9th Cir. 2003), Defendant contends that the delay in transporting him to Springfield violated his due process rights. Dkt. #45 at 3-6. Defendant argues that the appropriate remedy is dismissal of the indictment. *Id.* at 6-8.

*Jackson* dealt with a defendant's *indefinite* commitment on the ground of incompetency alone. 406 U.S. at 732-33. *Mink* was a civil suit for injunctive relief that did not address the standards for dismissing indictments in criminal cases. 322 F.3d at 1107-08. Defendant has not cited, nor has the Court found, any case in which criminal charges were dismissed based on the due process violations identified in *Jackson* or *Mink*.

Ninth Circuit law identifies two sources of authority for dismissing criminal charges on the basis of government misconduct. The first arises from the Due Process Clause of the Fifth Amendment and is warranted when the government engages in outrageous conduct. The misconduct must be "so grossly shocking and outrageous as to violate the universal sense of justice." *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993). The second source of authority for dismissing criminal charges is the Court's supervisory power. Dismissal on this basis requires flagrant misbehavior and substantial prejudice to the defendant. *Id.*; *see United States v. Fernandez*, 388 F.3d 1199, 1238-39 (9th Cir. 2004).

The circumstances of this case do not show outrageous conduct or flagrant misbehavior on the part of the government. The delay in transporting Defendant to Springfield resulted from human error and the fact that the facility was temporarily overcrowded. Defendant requests an evidentiary hearing to determine whether delays in

transporting defendants to federal medical facilities are common and systemic (Dkt. #45 at 8, Dkt. #55), but Defendant proffers no facts disputing the affidavit evidence presented by the government. *See* Dkt. ##47-2, 47-3. Moreover, even if Defendant were to establish through an evidentiary hearing that transportation delays are common due to general overcrowding at federal medical facilities or that the government has acted negligently or incompetently in the scheduling or funding of such facilities, government negligence and incompetence do not suffice. *See Fernandez*, 388 F.3d at 1239 (negligence); *Kearns*, 5 F.3d at 1254 (incompetence). Dismissal is an "extreme measure" warranted only in cases of outrageous conduct. *United States v. Barrera-Moreno*, 951 F.2d 1089, 1093 (9th Cir. 1991); *see United States v. Lopez*, 4 F.3d 1455, 1464 (9th Cir. 1993) (dismissal of a valid indictment is an "extreme remedy"); *United States v. Rogers*, 751 F.2d 1074, 1076 (9th Cir. 1985) ("Because it is a drastic step, dismissing an indictment is a disfavored remedy."); *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978) ("[T]he dismissal of an indictment on the basis of governmental misconduct is an extreme sanction which should be infrequently utilized[.]"). Systemic delays in treating incompetent prisoners might well support injunctive relief under *Mink*, a question the Court need not decide, but it does not rise to the level of outrageous conduct required for dismissal of the indictment.

## II. Speedy Trial Act.

The Speedy Trial Act (the "Act") requires that a defendant be brought to trial within 70 days of his indictment or initial court appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act excludes several categories of delays when calculating the 70-day period. 18 U.S.C. § 3161(h). If a defendant is not brought to trial within 70 non-excludable days, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2); *see United States v. Nash*, 946 F.2d 679, 680 (9th Cir. 1991).

Defendant argues that the speedy trial clock expired in this case because more than 70 non-excludable days elapsed between the Court's February 23, 2009 order and Defendant's arrival at the Springfield facility. The Court does not agree. The 10-day period from February 23 to March 5, 2009, is excludable because the Act "presumes reasonableness

1  for all transportation times of ten days or less and allows the first ten days of transportation
2  to be excluded." *Nash*, 946 F.2d 680 (citing 18 U.S.C. § 3161(h)(1)(H) (now (F))).[1]

3  The delay between Defendant's arrival at FTC on March 31 and his ultimate arrival
4  at the Springfield facility on June 5, 2009, is also excluded because it resulted not from
5  transportation problems involving the USMS, but from this Court's finding that Defendant
6  is mentally incompetent, the need to treat that incompetence, and overcrowding at the mental
7  health facility. The Act specifically excludes from the speedy trial calculation "[a]ny period
8  of delay resulting from the fact that the defendant is mentally incompetent[.]" 18 U.S.C.
9  § 3161(h)(4). The delay in this case was directly related to Defendant's need for treatment.
10 Unlike other provisions of the Act, Congress has placed no limitations on the exclusion of
11 time for mental incompetency contained in § 3161(h)(4). *See United States v. Degideo*, No.
12 CRIM.04-100, 2004 WL 1240669, at *4 (E.D. Pa. May 18, 2004) (§ 3161(h)(4) imposes no
13 limitation on the amount of time that may be excluded).

14 Numerous district courts have held that § 3161(h)(4) excludes all time once a
15 defendant has been declared mentally incompetent, regardless of the reasonableness of the
16 delay, even trumping the 10-day transportation rule provided in § 3161(h)(1)(F). *See*
17 *Degideo*, 2004 WL 1240669, at *4; *United States v. Lewis*, 484 F. Supp. 2d 380, 390-91
18 (W.D. Pa. 2007); *United States v. Bell*, No. 1:05-CR-30-TWT, 2007 WL 1087355, at *3
19 (N.D. Ga. Apr. 5, 2007); *United States v. Morales*, No. CR 07-147-TUC-RCC (HCE), 2008
20 WL 552662, at *2-3 (D. Ariz. Feb. 27, 2008); *United States v. Bauman*, No. 07-20052-01-
21 KHV, 2008 WL 5111135, at *2-4 (D. Kan. Dec. 4, 2008). The Court need not go as far as
22 these courts and hold that § 3161(h)(4) trumps § 3161(h)(1)(F). The delay after Defendant
23 arrived at FTC was due to conditions at the treatment facility, not USMS transportation
24 issues, and thus more clearly falls under § 3161(h)(4) than § 3161(h)(1)(F). Defendant's
25

---

27 [1] The Court assumes without deciding that the February 23, 2009 order triggered the 10-day travel clock and that the time-computation rules provided in Rule 45 of the Federal
28 Rules of Criminal Procedure do not apply to the Act. *See Taylor*, 821 F.2d at 1384 (excluding 10 calendar days).

1  argument fails because even if all of the time between the Court's February 23 order and
2  Defendant's arrival at FTC is counted (with the exception of 10 transportation days), 70 days
3  did not elapse.²

4  Defendant relies on *United States v. Noone*, 913 F.2d 20 (1st Cir. 1990), and *United
5  States v. Castle*, 906 F.2d 134 (5th Cir. 1990), but those cases did not involve a finding of
6  mental incompetency prior to delays in transportation or treatment. *See* 913 F.2d at 23
7  (defendant ordered to undergo examination to determine mental competency to stand trial);
8  906 F.2d at 135 (same); *see also United States v. Williamson*, 409 F. Supp. 2d 1105, 1107
9  (N.D. Iowa 2006); *United States v. Yazzie*, No. CR-04-1210-PCT-DGC, 2006 WL 2772636,
10 at *1 (D. Ariz. Sept. 25, 2006). For purposes of applying the Act, courts have distinguished
11 between delays that occur before and after a finding of incompetency. *See Lewis*, 484 F.
12 Supp. 2d at 388, 390-91.

13 **III. Conclusion.**

14 The Court concludes that the delay between the February order and Defendant's
15 arrival at Springfield, although regrettable, does not amount to outrageous government
16 conduct requiring dismissal on due process or supervisory grounds. The Court also
17 concludes that the delay between Defendant's arrival at FTC and his arrival at Springfield
18 is excludable under 18 U.S.C. § 3161(h)(4), and that Defendant's 70-day speedy trial period
19 therefore has not elapsed.

20 **IT IS ORDERED:**

21 1. Defendant's motion to dismiss (Dkt. #45) is **denied**.

---

² At most, 26 days elapsed between March 5 (the end of the ten-day transportation period) and March 31 (the day Defendant arrived at FTC). The district court cases cited above would exclude this time under § 3161(h)(4), but the Court need not decide that question for purposes of this motion. The Court does note that at least one case has disagreed with these other district court cases. *See United States v. Hernandez-Amparan*, 600 F. Supp. 2d 839, 843 (W.D. Tex. 2009). For purposes of this motion, the Court need only conclude that the period while Defendant was awaiting mental health treatment at FTC – a wait made necessary by the Court's determination that Defendant is not competent to stand trial and by conditions at the treatment facility – is excluded under § 3161(h)(4).

2. Defendant's request for an evidentiary hearing (Dkt. #55) is **denied**. Excludable delay pursuant to 18 U.S.C. § 3161(h)(8)(A) is found to commence on June 10, 2009 for a total of 52 days.

DATED this 31st day of July, 2009.

_____
David G. Campbell
United States District Judge